TING YE, Petitioner,

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 11–5161.

United States Court of Appeals, Second Circuit.

Oct. 21, 2013.

Benjamin B. Xue, New York, N.Y., for Petitioner.

Stuart D. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Edward C. Durant, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT D. SACK, PETER W. HALL, and SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Ting Ye, a native and citizen of the People's Republic of China, seeks review of a November 17, 2011, order of the BIA denying Ye's motion to reconsider its February 2011 decision denying her motion to reopen. *In re Ting Ye*, No. A097 852 417 (BIA Nov. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Ye argues that the BIA abused its discretion when, in February 2011, it denied her motion to reopen. However, because Ye's petition for review was timely only with respect to the BIA's November 2011 decision denying her motion to reconsider, we lack jurisdiction to consider her arguments challenging the BIA's February 2011 decision and dismiss the petition to this extent. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (requiring separate timely petitions for review of separate orders of the BIA). Further, because Ye has failed sufficiently to challenge the BIA's November 2011 decision before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.